**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IZMO DIGITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:26-cv-7354 |
| v. | ) | |
| | ) | |
| TOYOSPEED, LLC | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

# COMPLAINT AND JURY DEMAND

Plaintiff, IZMO DIGITAL, INC. ("***izmo***" or "***Plaintiff***") brings this suit against Defendant TOYOSPEED, LLC ("***Defendant***"), and alleges as follows:

## PARTIES

**1.** izmo is a Delaware corporation with its principal place of business in San Francisco, California.

**2.** Defendant TOYOSPEED, LLC is a corporation organized under the laws of the state of Florida, with a place of business at 3750 NW 28th St., Unit 420, Miami, Florida 33142. According to information on file with the Division of Corporations for the State of Florida, Defendant's registered agent is Rondon Valencia, Andreina, 3368 SW 4th St., Miami, Florida, 33135.

**3.** izmo is informed and believes that Defendant has engaged in business in this District by, among other things, displaying, offering for sale and selling automobile parts, paint and/or decals in the state of Texas. Defendant has a website at www.toyospeed.com and social media pages, such as Instagram page, that have included the infringing images complained of herein.

**4.** Defendant advertises, distributes, and sells automobiles parts, paint and decals throughout the United States placing such products in the stream of interstate commerce, including in the state of Texas.

**5.** Defendant's website is highly interactive in nature, facilitating contractual relationships, such as the purchase of Defendant's products, and the transmission of information over the internet in order for Defendant to make a sale of advertised products to a customer. Defendant's website seeks interaction with potential customers by prompting potential customers to review Defendant's "Monthly Best Sellers" that identify certain products for sale on Defendant's home page. Defendant's website also includes a "SHOP NOW" button that displays products for sale. Examples of Defendant's actively seeking customers to purchase Defendant's products include the following:




and




**6.** Defendant's website interacts with customers and provides information related to its products that a customer using the "Add to cart" button can place in a "cart" for purchase. See images in preceding paragraph.

**7.** Defendant's website interacts with customers and provides information related to its products that a customer can "Add to Cart" a desired product for purchase. See image below,




**8.** Defendant's website thereafter interacts with customers to provide a box of the customer's cart and further buttons for the customer to "Checkout" to purchase Defendant's product, and provides shipping information and rates to the customer, including in the state of Texas:




**9.** Defendant's customers are then encouraged to "checkout":




**10.** Defendant’s customers are then able to “Checkout” via Defendant’s website by inputting the billing details and making a purchase via the “Pay now” button.

**11.** Defendant's customers interact with Defendant's website to enter into a transaction to purchase products of Defendant.

**12.** Additionally, Defendant encourages customers, including customers in the state of Texas, to purchase items from Defendant and to receive discounts and email communications from Defendant. For example, Defendant’s web page seeks interaction with potential customers by offering discounts on a customer’s order and receipt of additional email communications from the Defendant as illustrated below.




**13.** Defendant advertises, distributes, and sells products throughout the United States placing such products in the stream of interstate commerce, including in the state of Texas. Defendant advertises, distributes, and sells products for automobiles throughout the United States placing such products in the stream of interstate commerce, including in the state of Texas.

## JURISDICTION AND VENUE

**14.** This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

**15.** This Court has federal question jurisdiction under 28 U.S.C. §§ 1331and 1338(a).

**16.** Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(a).

## FACTUAL ALLEGATIONS

**17.** izmo creates a wide collection of photographic images of automobiles and accessories at its studios in Santa Ana, California and Brussels, Belgium (the "Images"). It has created hundreds of thousands of images and registered the copyrights to those images with the United States

Copyright Office and received Certificates of Copyright Registration for them. izmo spent substantial time, money and talent creating its studios and producing, developing, and marketing the Images.

**18.** izmo licenses the Images to third parties for use on their websites and in their businesses. Potential customers of izmo may purchase licenses from izmo for use of the Images for certain regions, media, purposes, and terms of use. The Images are original photographs of various vehicles, created by izmo. The Images reflect izmo's decisions about lighting, shading, angle, and background. They are thus copyrighted works under the Copyright Act of 1976.

**19.** izmo image library consists of model level coverage from 2002 forward for U.S. car models, and from 2008 forward for European car models.

**20.** izmo also syndicates its data to partners who display the listings on their websites. izmo's clients include automobile dealers, advertising, and marketing companies as well as major car rental companies including Hertz, Budget/Avis, Europcar, and Enterprise. With respect to rental car companies, izmo enters multi-year contracts providing its entire library of images so that the companies can use the photographs that match the vehicles in their fleet. These license agreements carry substantial fees and establish terms intended to further protect izmo's intellectual property, including the following terms: (a) the images may be used on licensed domains only; (b) the images may not be altered, including name, copyright notice, except when expressly permitted; (c) the images must remain associated to the rental listing for which it is provided; and (d) the image is not permitted to be relicensed.

**21.** Defendant is a company that offers to sell and sells products for automobiles in the United States which are listed or otherwise identified or searchable on Defendant's website. As part of the promotion of its automobiles, Defendant has displayed photographs of automobiles on its website.

**22.** For certain of Defendant's automobile listings, Defendant included izmo's images on its website. izmo has discovered that Defendant used at least 32 of izmo's copyrighted images and is informed and believes and on that basis alleges that Defendant used additional copyrighted images without izmo's knowledge or consent.

**23.** In or around November 2024, izmo discovered that Defendant was displaying izmo's copyrighted images on Defendant's website.

**24.** Defendant was well-aware that these images belonged to izmo, were protected by copyright and only available for use if licensed from izmo at least as early as December 12, 2024. However, Defendant never entered into a licensing agreement with izmo.

**25.** izmo is informed and believes and on that basis alleges that Defendant copied, reproduced, and used izmo's images for commercial purposes.

**26.** The izmo Copyright Registrations and izmo Image Name in the Copyright Registrations infringed by Defendant are set forth in the table below. Additionally, the infringed Copyright Registrations are attached as Exhibit A

| Unlicensed izmo images used by TOYOSPEED LLC on its website: https://toyospeed.com/ | | |
|---|---|---|
| Sl. No. | izmo Image Name | U.S. Copyright Registration Number |
| 1 | dodge_16grandcaravansxtplusfw5a_frontview | VA0002103209 |
| 2 | ford_11edgese_angularfront | VA0002103681 |
| 3 | honda_15crvtouring4a_angularfront | VA0002146447 |
| 4 | hyundai_16sonataecosa7a_angularfront | VA0002146394 |
| 5 | lexus_10sc430_angularfront | VA0002234261 |
| 6 | lexus_11is350sedan2a_angularfront | VA0002146384 |
| 7 | lexus_13ls4605a_angularfront | VA0002146435 |
| 8 | lexus_13rx3503a_angularfront | VA0002103207 |

| | | |
|---|---|---|
| 9 | nissan_14sentrasvsa7fa_angularfront | VA0002146392 |
| 10 | nissan_14versanotesl2a_angularfront | VA0002103205 |
| 11 | nissan_15jukesl1fa_angularfront | VA0002240335 |
| 12 | toyota_084runnersr5_angularfront | VA0002177962 |
| 13 | toyota_08corollas_angularfront | VA0002177962 |
| 14 | toyota_08fjcruiser_angularfront | VA0002177962 |
| 15 | toyota_08prius_angularfront | VA0002240336 |
| 16 | toyota_08yarissedan_angularfront | VA0002103691 |
| 17 | toyota_10camryle_angularfront | VA0002146441 |
| 18 | toyota_10highlanderhybrid_angularfront | VA0002234261 |
| 19 | toyota_10tacomaprerunnerdoublecab_sideview | VA0002358451 |
| 20 | toyota_11corollas_angularfront | VA0002234266 |
| 21 | toyota_11corollas_angularrear | VA0002304363 |
| 22 | toyota_11corollas_frontview | VA0002304363 |
| 23 | toyota_11tundracrewmax_angularrear | VA0002304363 |
| 24 | toyota_12matrixs2a_angularfront | VA0002234262 |
| 25 | toyota_13corollale10a_angularfront | VA0002103207 |
| 26 | toyota_13priusc31a_angularfront | VA0002234259 |
| 27 | toyota_14rav4ltd4a_angularfront | VA0002242906 |
| 28 | toyota_15tacomatrdpro4wddbl2a_angularfront | VA0002240335 |
| 29 | toyota_17tacomatrdoffrd4wddp3a_angularfront | VA0002227290 |
| 30 | toyota_1886gtcp1a_angularfront | VA0002211551 |
| 31 | toyota_18tacomatrdsptl4wddp3fa_angularfront | VA0002227289 |
| 32 | toyota_20corollaxlesd12a_rearview | VA0002199821 |

**27.** Below is an example of infringement by TOYOSPEED LLC. The photograph immediately below is one of izmo's copyrighted Images.



**28.** The screen capture below obtained on or about November 12, 2024 is an example of Defendant's use of izmo's copyrighted Images.




**29.** The copyrights for all images that are the subject of this Complaint were registered before November 2024 and, therefore, before izmo discovered Defendant's infringing activity.

**30.** izmo owned the copyrights in all the images identified above at the time of the infringement and continues to own those copyrights today.

**31.** Defendant publicly and unlawfully reproduced and/or displayed the copyrighted images without izmo's authorization, consent, permission, license, and without compensation to izmo.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>
## COPYRIGHT INFRINGEMENT

**32.** izmo repeats and realleges every allegation contained in Paragraphs 1- 31 as if fully set forth herein.

**33.** izmo is the owner of valid copyright registrations in the Images.

**34.** Without authorization, consent, permission, license, and/or compensation, Defendant publicly and unlawfully reproduced and/or displayed izmo's copyrighted images in violation of at least 17 U.S.C. §§ 106(1), (2) and (5) and 501 and thereby infringed izmo's copyrights.

**35.** Defendant's infringement includes, but is not limited to, at least the 32 images identified in this Complaint. Defendant's infringement includes at least the 32 images attached in Exhibit B.

**36.** Each of the Images, including each of the 32 images identified in this Complaint (including Exhibit B), is a separate work. Exhibit B includes at least one website address of Defendant's infringement at the time of izmo learned of Defendant's infringement.

**37.** izmo is informed and believes and on that basis alleges that Defendant's infringement was willful, intentional, and/or reckless. Defendant was aware that izmo owned the Images and would permit use of them only pursuant to a license agreement and Defendant never entered into any such agreement with izmo and displayed and/or distributed izmo's photographs despite such knowledge.

**38.** izmo has been damaged by Defendant's conduct in an amount to be proven at trial.

**39.** izmo is entitled to recover actual damages suffered by it as a result of Defendant's infringement and profits of the Defendant attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b).

**40.** izmo is entitled to an award of statutory damages pursuant to 17 U.S.C. § 504(c).

**41.** izmo is entitled to an award of its costs incurred to enforce its copyrights, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**42.** Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to izmo unless enjoined by this Court. izmo has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, izmo is entitled to a permanent injunction prohibiting infringement

of izmo's exclusive rights under copyright law.

**COUNT II**
**VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT AGAINST THE ASSOCIATION**
**(17 U.S.C. §§ 1202–1205, *et seq*.)**

**43.** izmo re-alleges paragraphs 1 through 42 above and incorporates them by reference as if fully set forth herein.

**44.** izmo owns the copyright to the copyrighted Images.

**45.** Section 1202 of the Digital Millenium Copyright Act ("DMCA") provides, that no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—(1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false. 17 U.S.C. § 1202(a).

**46.** "Copyright management information" includes the name of, and other identifying information about, the author of a work; the name of, and other identifying information about, the copyright owner of the work; and terms and conditions for use of the work. 17 U.S.C. § 1202(c).

**47.** Defendant is neither the author nor the owner of the Copyrighted Work.

**48.** Defendant has no right to provide and/or distribute terms and conditions for use of the work.

**49.** Defendant knowingly provided false CMI without Plaintiff's consent in violation of Section 1202(a) of the DMCA by, at least placing a "TOYOSPEED" watermark on izmo's copyrighted Images. See for example,




**50.** Defendant provided and/or distributed the false CMI, intending that it would conceal infringement of copyright.

**51.** As a direct and proximate result of the Defendant's DMCA violation, izmo is entitled to an award of its actual damages, or statutory damages for each violation of Section 1202 of not less than $2,500 or more than $25,000. 17 U.S.C. § 1203(c)(3)(B).

**52.** izmo is entitled to an award of its costs and attorney's fees incurred in seeking a remedy for this violation of the DMCA. See 17 U.S.C. § 1203(b)(4), and (5).

**53.** Defendant's conduct has caused and any continued violations will continue to cause irreparable injury to izmo unless enjoined by this Court. izmo has no adequate remedy at law. izmo is entitled to a permanent injunction prohibiting Defendant's violation of the DMCA. See 17

U.S.C. § 1203(b)(1).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38, izmo hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREAS izmo prays for relief as follows:

**1.** For an award, at izmo's election, pursuant to 17 U.S.C. § 504 of either (1) the actual damages suffered by izmo with respect to past infringement, plus any additional profits of Defendant that are attributable to the infringement that are not taken into account in computing actual damages; or (2) statutory damages as provided by Section 504(c) in an amount to be proven at trial.

**2.** For a finding that the infringement by Defendant was willful, and for an award to izmo, at its election, of statutory damages against Defendant for willfully committing infringement as provided by 17 U.S.C. § 504 in an amount to be proven at trial.

**3.** For an order that Defendant account for all sales, revenues, costs and profits from their wrongful conduct and unauthorized use of izmo's copyrights, and that Defendant pay izmo damages in an amount to be proven at trial, but including Defendant's profits and actual damages suffered by izmo as a result of Defendant's wrongful acts;

4. For an order pursuant to 17 U.S.C. §§ 502 and 1203 permanently enjoining Defendant and its agents, servants, employees, and all other persons who are in active concert or participation with any of the aforementioned from publishing izmo's copyrighted images or any other work derivative of izmo's copyrighted images;

5. For an award of izmo's attorneys' fees, expenses, and costs, pursuant to 17 U.S.C. §§ 505 and/or 1203;
6. For an award of DMCA statutory damages pursuant to 17 U.S.C. § 1203(c)(3) at the maximum amount of $25,000 against Defendant for each violation of the DMCA pursuant to 17 U.S.C. § 1202.
7. For an award to izmo of pre- and post-judgment interest; and
8. For an award to izmo of such other and further relief as the Court deems just and proper.

Dated: September 2, 2026

*/s/ John T. Polasek*

John T. Polasek
Texas Bar. No. 16088590
The Polasek Law Firm, PLLC
2401 Fountain View Dr., Suite 316
Houston, Texas 77057
Telephone: (832) 485-3580
ted@polaseklaw.com

*Attorney for Plaintiff*